1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TANYA GRACE MCDANIEL,                    No.  2:18-cv-2306 JAM DB PS

12                 Plaintiff,

13          v.                                 FINDINGS AND RECOMMENDATIONS

14    UNITED STATES, et al.,

15                 Defendants.

16

17          Plaintiff, Tanya McDaniel, is proceeding in this action pro se.  This matter was referred to

18    the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).[1]  Pending

19    before the court are plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28

20    U.S.C. § 1915.  (ECF Nos. 1 & 3.)  Therein, plaintiff complains about wrongful actions taken by

21    police officers, municipalities, this court, and celebrities.

22          The court is required to screen complaints brought by parties proceeding in forma

23    pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.

24    2000) (en banc).  Here, plaintiff's complaint is deficient.  Accordingly, for the reasons stated

25    below, the undersigned recommends that plaintiff's complaint be dismissed without leave to

26    amend.

27    _____

28    [1]  This action was transferred from the Northern District of California on August 22, 2018.  (ECF
      No. 11.)

                                                  1

**I.     Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

(9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.     Plaintiff's Complaint

### A.     Rule 8

Here, plaintiff's complaint fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief.  Instead, the complaint is comprised of vague and conclusory allegations.  For example, the complaint's first claim asserts that "Plaintiff was unreasonably detained . . . for an unreasonable amount of time" on July 26, 2013.  (Compl. (ECF No. 1) at 17.)  This claim is asserted against "all Defendants."  (Id.)  Named as defendants in the complaint are the United States of America, the State of California, the City of San Francisco, the City of Sacramento, the City of Davis, and Yolo County.  (Id. at 4-5.)  There is no explanation for how any of these defendants engaged in the alleged wrongful action.

The complaint's second claim is also asserted against "all Defendants."  (Id. at 20.)  This claim alleges that it is "[b]ased upon a pattern of abuse and misconduct from the DPD, as referenced within the FACTS" of the complaint and "the Myriad of Administrative Claims that the Plaintiff has made[.]" (Id. at 20-21.)  Again, however, there are no specific allegations asserted against the named defendants.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

3

and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

**B.    Collateral Estoppel**

Plaintiff's complaint alleges that on January 18, 2018, "Sacramento Federal Court Order the Plaintiff as a Vexatious Litigant; a law that doesn't even apply to the Plaintiff[.]" (Compl. (ECF No. 1) at 29.) The complaint argues that "[s]uch corrupt policy and allegations against the Plaintiff, verify the blatant deliberate indifference, fraud practices of the courts to deny the due process rights against the plaintiff." (Id.) In this regard, it appears plaintiff is attempting to challenge a prior action finding plaintiff to be a vexatious litigant.

However, "[u]nder collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Dodd v. Hood River County, 59 F.3d 852, 863 (9th Cir.1995). Collateral estoppel is appropriate when three factors are satisfied:

> (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.

Hydronautics v. FilmTec Corp., 204 F.3d 880, 885 (9th Cir. 2000).

In this regard, to the extent plaintiff seeks to challenge an issue decided in a previous proceeding, which ended in a final judgment on the merits against the plaintiff, that claim is barred by collateral estoppel.

**C.    Statute of Limitations**

The complaint asserts that is it brought pursuant to 42 U.S.C. § 1983. (Compl. (ECF No. 1) at 2.) Title 42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution

4

and laws, shall be liable to the party injured in an action at law, suit
in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 does not contain a specific statute of limitations. "Without a federal limitations period, the federal courts 'apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.'" Butler v. National Community Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014) (quoting Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007)); see also Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). Before 2003, California's statute of limitations for personal injury actions was one year. See Jones, 393 F.3d at 927. Effective January 1, 2003, however, in California that limitations period became two years. See id.; Cal. Code Civ. P. § 335.1.

Here, aside from the January 18, 2018 order addressed above, the most recent date referenced in the complaint appears to be August 28, 2014. (Compl. (ECF No. 1) at 13.) Absent tolling, a claim for violation of 42 U.S.C. § 1983 occurring on August 28, 2014, would have to have been filed on or before August 28, 2016.[2] This action was not filed until July 19, 2018.

**D.    Frivolousness**

"[T]he in forma pauperis statute . . . 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at 327). "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Neitzke, 490 U.S. at 328.

////

////

---

[2] The complaint asserts that plaintiff has filed "19 lawsuits." (Compl. (ECF No. 1) at 11.) It appears that plaintiff has filed numerous lawsuits in this court, some of which concern the same allegations at issue in this action. See, e.g., Tanya McDaniel v. Daniel Powell, et al., No. 2:13-cv-2653 MCE AC PS; Tanya Grace McDaniel v. City of Davis, et al., No. 2:14-cv-2213 TLN DB PS; Tanya Grace McDaniel v. United States Department of Justice, et al., No. 2:15-cv-1664 JAM AC PS.

5

1    Here, the amended complaint alleges:

2         . . . the Plaintiff believes and has every proof to believe that the
          Defendants of this case are also scrutinizing every word and political
3         and moral stance that the Plaintiff has and defending her rights to
          justice and her rights against being harassed, stalked, illegally spied
4         on, mocked, hate crimes via slanderous lying codes, and a global
          movement game made via more than a decade from society of celebs,
5         gov, media, ucd, military, cops, brotherhood, and minions harassing
          the plaintiff, and specifically made a game of stealing from the
6         Plaintiff, via spying, vudoo (sic), harassments, and violating the
          Plaintiff's personal rights to her Intellectual Property and Personal
7         Being; a society of celebs, media, gov using mk ultra, vudoo (sic),
          fcc tv satellites and illegal spy breach, and e.l.f. mind control and
8         radiation Towers to violate the Plaintiff's rights; all in the name of
          "science."
9

10   (Compl. (ECF No. 1) at 7.)  Similar allegations are repeated throughout the complaint.  (Id. at 9-

11   10, 18, 20.)  The complaint also alleges that the "Police recently ma[de] a lip sync video to harass

12   and taunt the Plaintiff[.]"  (Id. at 10.)  And that "Celine Dion" mocked "the Plaintiff being

13   Multiracial, stating on social media twitter 'where's the mixed tape.'"  (Id. at 18.)

14        In this regard, not only does the complaint fail to state a claim, but the complaint's

15   allegations are also delusional and frivolous.  See Denton, 504 U.S. at 33 ("a finding of factual

16   frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly

17   incredible, whether or not there are judicially noticeable facts available to contradict them").

18   **III.    Leave to Amend**

19        For the reasons stated above, plaintiff's complaint should be dismissed.  The undersigned

20   has carefully considered whether plaintiff may be able to amend the complaint to state a claim

21   upon which relief can be granted.  "Valid reasons for denying leave to amend include undue

22   delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan

23   Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath

24   Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall

25   be freely given, the court does not have to allow futile amendments).

26        Here, given the defects noted above, the undersigned finds that granting plaintiff leave to

27   amend would be futile.

28   ////

                                                    6

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's July 19, 2018 application to proceed in forma pauperis (ECF No. 3) be denied;

2. Plaintiff's July 19, 2018 complaint (ECF No. 1) be dismissed without leave to amend; and

3. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiffs may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 25, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/mcdaniel2306.dwolta.f&rs

7